UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------- X

LUIS ANACRAYON,

                                Plaintiff,

               - against -

EL MACO HAND CAR WASH CORP,

                          Defendant.

-------------------------------------------------------------------------------- X

                              24 Civ. 5125 (GS)

                              <u>ORDER</u>

**GARY STEIN, United States Magistrate Judge:**

       The Court has been advised that the parties have reached a settlement in principle in this case, which includes claims arising under the Fair Labor Standards Act (the "FLSA").  (Dkt. No. 27).  The parties are directed to proceed in one of the two ways described below.

**A.**       **Judicial Approval and Order of Dismissal of FLSA Claims with Prejudice under Rule 41(a)(2).**

       In light of the decision of the Second Circuit Court of Appeals in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which held that the FLSA falls within the "applicable federal statute" exception to Federal Rule of Civil Procedure 41(a)(1)(A), the parties cannot dismiss claims arising under the FLSA with prejudice pursuant to Rule 41(a)(1)(A).  The holding of *Cheeks* does not apply to claims arising under any statute other than the FLSA.  As a result, in order to dismiss an FLSA claim with prejudice, the parties must seek court approval of the proposed dismissal under Rule 41(a)(2).  In order to seek such approval, the parties shall submit to the Court by **<u>January 6, 2025</u>** a joint motion setting forth their views as to why their settlement is fair and should be approved.  The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of

the settlement agreement itself, attached as an exhibit.  If the settlement includes attorney's fees, the parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

**B.      Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68.**

Federal Rule of Civil Procedure 68(a) provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment."  Fed. R. Civ. P. 68(a).  In *Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395 (2d Cir. 2019), the Second Circuit held that judicial approval is not required for Rule 68(a) offers of judgment with respect to actions that raise claims under the FLSA.  If the parties wish to resolve the case by an offer and acceptance of judgment pursuant to Rule 68(a), they are directed to submit the executed offer and acceptance, together with a form of proposed order for the entry of judgment consistent with the terms of the offer and acceptance, by **January 6, 2025**.

          **SO ORDERED.**

DATED:      New York, New York
              December 5, 2024

                                        _____
                                        The Honorable Gary Stein
                                        United States Magistrate Judge

2